UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEVIATHAN GROUP LLC,

          Plaintiff,           Case Number 23-12611
v.           Honorable David M. Lawson

DELCO LLC,

          Defendant,
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
TO CONFIRM ARBITRATION AWARD AND DENYING
DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD**

      The parties' dispute over the performance of their General Contract for Services was presented to an arbitrator for resolution, as the contract required. The arbitrator ruled in favor of plaintiff Leviathan Group LLC on its claims for payment and against defendant Delco LLC, apparently rejecting its counterclaims, and awarded Leviathan costs and attorney's fees. Delco moves to vacate the award, contending that the arbitrator disregarded applicable law and made mistakes so fundamental that the award cannot stand. Leviathan moves to confirm the award. The Court heard oral argument on the cross motions on May 23, 2024. The arbitrator's decision is cursory, inhibiting a fulsome review. But that is what the parties bargained for in their contract, and none of the statutory bases in the Federal Arbitration Act for overturning an arbitration award can be found in this record. The award, therefore, must be confirmed.

I.

      This case arises from a contract dispute between two limited liability companies. Delco, an Oklahoma LLC, contracted with plaintiff Leviathan Group, a Michigan LLC, for various marketing and social media services at a $100,000 monthly rate. All of their respective members are citizens of their home states, Oklahoma and Michigan.

The parties' contract states that disputes would be resolved using binding arbitration. The contract requires that when a dispute arises, the parties will try to resolve it first by "friendly negotiations." They would have 30 days to try that route. If negotiations fail, arbitration is the next step. The contract specifies that:

> Any controversies or disputes arising out of or relating to this Agreement will be resolved by binding arbitration under the rules of the American Arbitration Association. The arbitrator's award will be final, and judgment may be entered upon it by any court having proper jurisdiction.

General Contract, ECF No. 1-4, PageID.32. The contract further states that it is to be "construed in accordance with the laws of the State of Michigan." *Id.* at PageID.32.

At some point in the spring of 2021, Delco stopped paying Leviathan. Delco says that it did not receive many of the marketing deliverables to which it was entitled under the contract. Because the parties' contract included a binding arbitration clause, they submitted their dispute to arbitration. Attorney Sherri B. Cataldo, an arbitrator with the American Arbitration Association, was selected as the arbitrator. Leviathan asserted a breach of contract claim; Delco asserted several counterclaims covering Leviathan's alleged failure to perform its end of the deal.

The arbitrator heard testimony and argument over five days in April and May of 2023. On June 7, 2023, she issued a partial final award finding that Leviathan was entitled to $156,464 on its breach of contract claim and denying all of Delco's counterclaims. The arbitrator's order also specified that Leviathan must transmit any outstanding contract deliverables to Delco within seven days. And, because the contract contained a fee-shifting clause, Cataldo permitted Leviathan to file a motion for its attorney's fees and costs.

Leviathan then filed a motion for attorney's fees and costs asking for $137,841.76. Delco opposed that award on the grounds that Leviathan had not justified its request adequately. On July

31, 2023, the arbitrator held a hearing on the attorney's fee motion, and on August 14, 2023, she issued a final award, which reads:

> [H]aving heard the arguments presented at the hearing held on July 31, 2023 as to an award of reasonable attorney fees and costs pursuant to the parties' arbitration agreement, and having fully reviewed and considered the written documents submitted to me by the parties, I do hereby issue this award of reasonable attorney fees and costs as follows:
>
> Leviathan is awarded reasonable attorney fees and litigation costs (comprised of attorney reimbursement and legal services) in its favor and against Delco in the amount of $68,017.60.
>
> Additional costs, including the administrative fees of the American Arbitration Association totaling $24,650.00, and the compensation of the arbitrator totaling $35,008.00, shall be borne by Delco. Therefore, Delco shall reimburse Leviathan the sum of $29,829.00, representing that portion of said fees in excess of the apportioned costs previously incurred and paid by Leviathan.

ECF No. 1-3, PageID.27. All told, the arbitrator determined that Leviathan was entitled to recover $254,320.60 from Delco.

When Delco did not pay within the 30 days allowed by the arbitrator, Leviathan filed an action in the Monroe County, Michigan circuit court on August 21, 2023 to enforce the arbitration award. Delco removed the action to this Court, and the parties thereafter filed cross motions to vacate and enforce the arbitration award.

II.

Because arbitration as a means of alternative dispute resolution is largely a matter of contractual agreement, courts must look to the contract language to determine what the parties bargained for in the way of the substance, process, and procedure that is applied to address their disputes. *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 653 (2022) (characterizing contractual arbitration provisions as "a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute") (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974)). Parties are free to negotiate the terms of their

arbitration process, including the specification of the issues to submit to arbitration, the number of arbitrators, the rules that will govern the procedure, the degree of detail required of the arbitrator's decision, the level of formality of the proceedings, and the reviewability of the arbitrator's decision. *Green v. Ameritech Corp.*, 200 F.3d 967, 976 (6th Cir. 2000); *see also Ciccio v. SmileDirectClub, LLC*, 2 F.4th 577, 583 (6th Cir. 2021). They need not agree on the level of due process that is baked into normal court proceedings, and courts generally will accept the outcome of an arbitration proceeding as long as "a party to arbitration has [not] been denied a fundamentally fair hearing." *Nat'l Post Office Mailhandlers v. U.S. Postal Serv.*, 751 F.2d 834, 841 (6th Cir. 1985). If the parties negotiate for justice lite, then that is all they are entitled to.

All of this has a direct bearing on the enforceability of arbitration awards and the extent to which courts may review an arbitrator's work, subjects on which the Federal Arbitration Act has much to say. For instance, the Act "expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) (citing 9 U.S.C. § 9). And a court's examination of an arbitrator's award is governed by "one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer–Stevens Co. v. United Steelworkers of Am.*, 913 F.2d 1166, 1169 (6th Cir. 1990); *see also Beacon J. Publ'g Co. v. Akron Newspaper Guild, Loc. No. 7*, 114 F.3d 596, 599 (6th Cir. 1997) (observing that "[t]he Supreme Court has made clear . . . that courts must accord an arbitrator's decision substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed").

Leviathan has asked the Court to enforce the arbitration award in its favor and to enter judgment on that award. Section 9 of the FAA states:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court,

> then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Delco says that there are good reasons not to enforce the award, referencing sections 10 and 11 of the Act and the cases that construe those statutes. But it acknowledges that it has an uphill climb in its effort to have the Court vacate the award. That is true, since a district court with appropriate jurisdiction "must enforce an award if 'the arbitrator's award draws its essence from the . . . agreement, and is not merely [her] own brand of industrial justice.'" *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 712 (6th Cir. 2005) (quoting *United Paperworkers Int'l Union v. Misco*, 484 U.S. 29, 36 (1987)).

The grounds for setting aside an arbitration award are found in section 10(a) of the FAA. They include corruption, fraud, partiality of the arbitrator, and arbitrator misconduct. 9 U.S.C. § 10(a)(1)-(3). None of those grounds are alleged here. Instead, Delco relies indirectly on the provision that authorizes a court to vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Id.* at § 10(a)(4).

Delco founds its argument on the contention that the arbitrator acted in "manifest disregard of the law." Although that term is not found in the statutory language, it was expounded by the Sixth Circuit in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995). The Sixth Circuit has not conclusively settled whether that review standard survives the Supreme Court's admonition in *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008), that section 10(a)'s grounds for vacatur are exclusive of all others. *See Buck v. Compton*, No. 23-5092, 2023 WL 8812472, at *3 (6th Cir. Dec. 20, 2023) (collecting cases). However, the Sixth Circuit also has described the standard as "part and parcel" of § 10(a)(4)'s prohibition against

arbitrators "exceed[ing] their powers." *In re Romanzi*, 31 F.4th 367, 375 (6th Cir. 2022). Accepting that formulation as a gloss on section 10(a)(4), a party may establish "manifest disregard" where "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (quoting *Jaros*, 70 F.3d at 421). However, a "mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent." *Jaros*, 70 F.3d at 421 (citation omitted). As long as "a court can find any line of argument that is legally plausible and supports the award then it must be confirmed." *Id.* at 421. "Only where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside." *Ibid.*

With these governing principles in mind, the Court turns to Delco's specific assignments of fault to the arbitration decision.

A.

Starting with the attorney's fee award, Delco argues that the arbitrator disregarded Michigan law prescribing the proof required and the factors that must be considered to establish that an attorney's fee request is reasonable. Leviathan's proof of the fees incurred consisted of itemized bills and cancelled checks showing payment. Delco insists that itemized bills are not sufficient to show reasonableness, and it contends that the arbitrator did not evaluate the several factors that Michigan law requires to determine the reasonableness of the fees demanded. It reasons, therefore, that the attorney's fee part of the award must be vacated.

The arbitrator's award, quoted in full above, sets forth her decision but is silent on its details and rationale. That bare-bones statement makes it "all but impossible to determine" that the arbitrator acted in manifest disregard for the law. *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th

Cir. 2000). Where "the arbitrators decline to explain their resolution of certain questions of law, a party seeking to have the award set aside faces a tremendous obstacle." *Jaros*, 70 F.3d at 421. And the arbitrator's lack of explanation is not grounds for finding manifest disregard because, generally, "[a]rbitrators are not required to explain their decisions." *Dawahare*, 210 F.3d at 669; *In re Romanzi*, 31 F.4th 367, 375 (6th Cir. 2022) ("[T]his court has never squarely held that a dearth of explanation constitutes a § 10(a)(4) violation."); *see also Saveski v. Tiseo Architects, Inc.*, 261 Mich. App. 553, 556, 682 N.W.2d 542, 544 (2004) ("[A]n arbitrator need not provide a record of findings and supporting law to issue a valid, enforceable award, and a reviewing court should not use the lack of a clear record as an impediment to its confirmation of an arbitration award.") (citing *DAIIE v. Gavin*, 416 Mich. 407, 429, 331 N.W.2d 418 (1982)). "If parties to an arbitration agreement wish a more detailed arbitral opinion, they should clearly state in the agreement the degree of specificity required." *Green v. Ameritech Corp.*, 200 F.3d 967, 976 (6th Cir. 2000).

Aside from vacating an arbitration award, courts may remand a case to the arbitrator, but that remedy generally is limited to cases where the award is ambiguous, where the parties have bargained for a reasoned explanation and do not receive one, or where the arbitrator failed to address an issue submitted to them. *See Romanzi*, 31 F.4th at 375; *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 326 F.3d 772, 782 (6th Cir. 2003) ("A remand is proper, both at common law and under the federal law of arbitration contracts, to clarify an ambiguous award or to require the arbitrator to address an issue submitted to [them] but not resolved by the award."). The award in this case exhibited none of those faults. It is not ambiguous; it identifies clearly Leviathan as the prevailing party on all claims. The contract does not require a reasoned explanation. The Sixth Circuit has stressed that "in the ordinary case remand for the purpose of having the arbitrator clarify his reasoning would be inappropriate." *Green*, 200 F.3d at 977 n.9.

The record that exists in this case (the parties have not furnished any transcript of proceedings before the arbitrator, *see Physicians Ins. Cap. v. Praesidium All. Grp.*, 562 F. App'x 421, 423-24 (6th Cir. 2014)) does not demonstrate a "manifest disregard of the law." To the contrary, it appears that the arbitrator considered Leviathan's fee request and then made substantial adjustments to it. Leviathan originally sought $102,336.76 in attorney's fees, attorney's reimbursements, and legal services. ECF No. 8-2, PageID.86. After a hearing, the arbitrator awarded fees and costs in the amount of $68,017.60, a reduction of nearly $35,000 from the plaintiff's request.

Moreover, neither of Delco's two substantive assignments of error is persuasive. First, it is not entirely clear from the contract that Michigan law was to be used to decide the attorney's fee motion. True, the contract states that it is to be construed in accordance with Michigan law, but it also specifies that the rules of the American Arbitration Association govern disputes arising out of or relating to the contract. Contract, ECF No. 1-4, PageID.32-33. Rule 47 of the Commercial Arbitration Rules authorizes an arbitrator to award attorney's fees "if all parties have requested such an award or it is authorized by law or their arbitration agreement." R-47(d)(ii), AAA Commercial Arbitration Rules (October 2013). These rules "are not secondary interpretive aides that supplement our reading of the contract; they are prescriptions incorporated by the express terms of the agreement itself." *C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411, 419 n.1 (2001). Delco has not identified any case law suggesting that an arbitrator's authority under Rule 47(d)(ii) diverges from the Michigan attorney's fee standard. But even if the authority governing an award of attorney's fees differed, it cannot be said that the arbitrator's decision to use one or the other creates serious legal error or that she did not "arguably constru[e] or apply[] the" contract. *See Michigan Family Res., Inc. v. Serv. Emps. Int'l Union Loc.*

*517M*, 475 F.3d 746, 752 (6th Cir. 2007) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

Arguing next that Leviathan did not adequately justify its fee award before the arbitrator, Delco seizes upon the Michigan Court of Appeals's statement in *Petterman v. Haverhill Farms, Inc.* that an "itemized bill in itself was not sufficient to establish the reasonableness of the fee, nor was the trial judge required to accept it on its face." 125 Mich. App. 30, 33, 335 N.W.2d 710, 712 (1983). Delco attempts to parlay that text into a rule that an arbitrator cannot approve a fee award whenever the motion includes only the itemized billing statements of its attorneys. But a careful reading of *Petterman* does not support that rubric. The court there took issue with a lower court's failure to ask about the work that the lawyer actually performed, accepting the attorney's itemized bill of costs as "prima facie accurate," and adopting, without question, the attorney's submission. *Id.* at 31-32, 335 N.W.2d at 711-12. Ultimately, the case stands for the unremarkable proposition that "the trial court should have inquired into the services actually rendered by the attorney before approving the bill of costs." *Id.* at 33, 335 N.W.2d at 712. The court of appeals remanded the case for an evidentiary hearing on the attorney's fees issue. *Ibid.*

Certainly, Leviathan's motion for attorney's fees before the arbitrator is not an example of compelling advocacy, spanning two short pages and containing little reasoning. But it is supported by itemized statements containing detailed descriptions of the work performed. And Leviathan's reply brief to the arbitrator adds additional detail, citing the 2020 Michigan Bar Attorney Billing rates summary report — a standard contextual resource for disposition of attorney fee motions. ECF No. 8-4, PageID.184 n.15; *see Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 883 (6th Cir. 2016); *Smith v. Khouri*, 481 Mich. 519, 532, 751 N.W.2d 472, 480 (2008). What's more, unlike the lower court in *Petterman*, the arbitrator held a hearing on Leviathan's fee request where,

according to plaintiff's counsel, all the relevant factors were discussed. As is evident from the final award, the arbitrator did not accept it without question. Moreover, courts have recognized that ultimately the rates and hours an arbitrator uses when calculating a fee award are "quintessential fact finding," further eroding the Court's ability to review the award. *Golden v. Lim*, No. 15-10795, 2016 WL 520302, at *10 (E.D. Mich. Feb. 10, 2016). Delco has not established that the arbitrator manifestly disregarded the law.

B.

Delco also argues that the arbitrator disregarded the essence of the parties' contract because she ignored Delco's counterclaims alleging that it did not receive contract deliverables, including social media posts, photos, and videos. Delco says that the award granting Leviathan its expectation damages but denying Delco the deliverables that corresponded to that contract payment was impermissibly "one-sided." ECF No. 8, PageID.73, 75. That is another way of saying, perhaps, that the arbitrator applied "[her] own brand of industrial justice" and therefore "exceeded [her] powers." *Jacada*, 401 F.3d at 712; *Romanzi*, 31 F.4th at 375 (citing 9 U.S.C. § 10(a)(4)).

For this aspect of its argument urging vacatur of the arbitration award, Delco cites *Beacon Journal Publishing Co. v. Akron Newspaper Guild, Local No. 7*, 114 F.3d 596, 599 (6th Cir. 1997), where the Sixth Circuit discussed circumstances when an arbitration award must be vacated for failing to draw its essence from the parties' contract. The court listed four instances signaling a defective award, such as when the award "conflicts with the express terms" of the contract, when it "imposes additional requirements" not stated in the contract, when it is not "rationally . . . derived from" the contract, and when it is based only on "general considerations of fairness." *Id.* at 600 (quoting *Cement Divisions, Nat'l Gypsum Co. v. United Steelworkers of Am.,* 793 F.2d 759,

766 (6th Cir. 1986). *Beacon Journal*, however, inasmuch as it relied on *Cement Divisions*, is no longer good law; the test set forth in that case was overruled by the *en banc* Sixth Circuit in *Michigan Family Resources, Inc. v. SEIU Local 517M*, 475 F.3d 746, 751-53 (6th Cir. 2007) (*en banc*). Instead, the relevant questions are "Did the arbitrator act 'outside his authority' by resolving a dispute not committed to arbitration? Did the arbitrator commit fraud, have a conflict of interest or otherwise act dishonestly in issuing the award? And in resolving any legal or factual disputes in the case, was the arbitrator 'arguably construing or applying the contract'?" *Id.* at 753. These questions mimic the grounds for vacatur in the FAA. *See* 9 U.S.C. § 10(a). And again, Delco has not met its burden of establishing those grounds.

To start, nothing about the arbitrator's decision appears to stray from the contract; to the contrary, it is apparent that the arbitrator engaged in an application of the contract. Delco argues that the contract specified that it was to receive certain deliverables. True, but the contract also stated that Delco would pay Leviathan $100,000 per month, plus interest on overdue amounts. Contract, ECF No. 1-4, PageID.30. Evidently, the arbitrator, after weighing the facts presented by the parties, determined that Delco was liable. Delco raised the deliverables issue in its nine counterclaims, and the arbitrator heard testimony and arguments over five days. In her Partial Final Award, the arbitrator explicitly denied Delco's claims for relief but ordered Leviathan to turn over "[c]ontract deliverables not previously provided to Delco, *if any*," within seven days. ECF No. 1-2, PageID.25 (emphasis added). Delco stressed the point at oral argument in this Court that it had not received all of the deliverables, which Leviathan disputes. But the record here does not specify which deliverables are outstanding, and Delco has not furnished any basis for the Court to address relief for any such default. Perhaps its remedy is to return to the arbitrator to seek a further relief for any undelivered deliverables, although it is not clear why it did not do so while the case

was still under consideration on the attorney's fee motion.  Or perhaps the arbitrator believed the issue was resolved, since the Final Award proclaimed that it was "in full settlement of all claims and counterclaims submitted to this Arbitration," and that "[a]ll claims not expressly granted herein are hereby denied."  ECF No. 1-3, PageID.27.  Again, the arbitrator's bare-bones decision does not facilitate a fulsome review, but the necessary implication of the decision to deny Delco's counterclaims is that the arbitrator determined that they lacked merit and that it had received what it was entitled under the contract.  An unfavorable liability decision is not equivalent to a decision that creates a conflict with the contract's express terms.

Nor does it appear that the arbitrator's decision was outside her authority, or that she "resolv[ed] a dispute not committed to arbitration."  *Mich. Fam. Res.*, 475 F.3d at 753.  And Delco does not argue that the arbitrator's decision was infected by fraud or conflicts of interest.  *Ibid.*

Perhaps Delco means to argue that the arbitrator's order for Leviathan to transmit any outstanding contract deliverables to Delco is inconsistent with her ultimate denial of its counterclaims.  But several points merit mention in response.  First, the arbitrator did not conclusively find that there were undelivered contract deliverables; she specified that "if any" existed, they should be turned over.  ECF No. 1-2, PageID.25.  That call was within the arbitrator's authority under the AAA rules, which empowered her to "grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties."  R-47(a), AAA Commercial Arbitration Rules (October 2013).  Second, the directive to convey the deliverables makes no appearance in the Final Award, which is what is before the Court for review.  Third, Delco does not identify how this interim relief fails to draw its essence from the parties' agreement.  In reality, it seems intended to benefit Delco by securing the return of any of its property held by Leviathan.

Under the deferential standard which the Court must apply when reviewing an arbitral award, Delco has failed to establish that the arbitrator exceeded her authority by failing to consider its anticipated contractual benefits. Instead, based on the limited record available, it appears that she resolved these questions against Delco. Delco's present arguments therefore are little more than attempts to relitigate the arbitrator's decisions, which, of course, courts cannot permit. *Garvey*, 532 U.S. at 509 (declaring that when "an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's 'improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award") (quoting *Misco,* 484 U.S. at 39). The arbitrator may be right or wrong, but that was the risk Delco assumed by bargaining for an arbitral forum. *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) ("Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits." (citations omitted)); *Zeon Chemicals, L.P. v. United Food & Com. Workers, Loc. 72D*, 949 F.3d 980, 983 (6th Cir. 2020) ("We tolerate these decisions in spite of their errors because, for better or worse, the parties 'bargained for an arbitrator's interpretation of the contract, not a federal judge's.'" (quoting *Econ. Linen & Towel Serv., Inc. v. Int'l Bhd. of Teamsters, Teamsters Loc. Union* 637, 917 F.3d 512, 513 (6th Cir. 2019))).

### III.

Delco has not established any basis to vacate the arbitration award in favor of Leviathan. Leviathan has shown that it is entitled to a judgment on the award under 9 U.S.C. § 9.

Accordingly, it is **ORDERED** that the plaintiff's motion to enforce the arbitration award in its favor (ECF No. 11) is **GRANTED**, and the defendant's motion to vacate the arbitration award (ECF No. 8) is **DENIED**.

- 14 -

It is further **ORDERED** that judgment is **GRANTED** in favor of plaintiff Leviathan Group LLC and against defendant Delco LLC in the amount of $254,320.60.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 28, 2024